IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEATHER MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:26-CV-342-JRG |
| v. | § | |
| | § | |
| FIXMYCAR INC. d/b/a GOODHOOD and | § | |
| PRASHANT SALLA, individually, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

FIXMYCAR INC. d/b/a GOODHOOD ("Fixmycar") and PRASHANT SALLA, individually, ("Salla") (collectively "Defendants") file their Original Answer to Plaintiff's Original Complaint ("Complaint").

**I.
ANSWER**

**A.    NATURE OF SUIT**

1.    Defendants deny the allegations contained in paragraph 1 of the Complaint, including footnote 1.

2.    Defendants deny the allegations contained in paragraph 2 of the Complaint.

**B.    PARTIES**

3.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint, and therefore deny them.

4.    Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.    Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.    Defendants admit Salla is an individual employed as the Chief Executive Officer of Defendant Fixmycar and residing at 1012 Pontiac Trail, Ann Arbor Michigan, 48105, but deny the remaining allegation contained in paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

## C.     JURISDICTION AND VENUE

15.     Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in paragraph 16 of the Complaint.

17.     Defendant Fixmycar admits the allegations contained in paragraph 17 of the Complaint, but Defendant Salla denies the allegations contained in paragraph 17 of the Complaint.

## D.     COVERAGE UNDER THE FLSA

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

## E.     FACTUAL ALLEGATIONS

23.     Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendant Fixmycar admits Plaintiff was a 1099 independent contractor, but Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

**F.      CAUSES OF ACTION**

### COUNT I
### Unpaid Overtime in Violation of the Fair Labor Standards Act
### 29 U.S.C. §§ 207 AND 215(a)(2)

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in paragraph 49 of the Complaint.

## COUNT II
### Retaliation in Violation of the Fair Labor Standards Act
### 29 U.S.C. § 215(a)(3)

50.    Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the Complaint.

## COUNT III
### Breach of Contract

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

## II.
### PRAYER FOR RELIEF

1.    Defendants deny each and every allegation contain in Plaintiff's prayer for relief, including that Plaintiff is entitled to any of the damages sought therein.

2.    Defendants deny each and every allegations not specifically admitted herein.

4

## III.
## AFFIRMATIVE DEFENSES

Defendants hereby set forth below their affirmative defenses to the Plaintiff's Complaint, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden or burdens of proof not otherwise assigned to it by law.

### FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively states that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, including but not limited to a failure to show that any violations of federal or state law were willful, and thus the claims are not subject to a three year statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was properly classified as an independent contractor under the FLSA and, therefore, not entitled to overtime compensation.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff is deemed an employee, Plaintiff was exempt from overtime under exemptions to the FLSA, including but not limited to the administrative employee exemption, in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants acted lawfully, in good faith reliance upon a reasonable interpretation of the law and/or regulatory or administrative decisions, and had reasonable grounds for believing that the acts or omissions alleged in Plaintiffs' Complaint were not violative of any state or federal law.

## FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively states that Plaintiffs' cannot recover to the extent some or all of Plaintiffs' claims for off the clock work may be subject to the *de minimus* rule, 29 CFR §785.47, because they involve relatively insignificant amounts of overtime.

## SIXTH AFFIRMATIVE DEFENSE

Defendants would affirmatively show that it has acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal to Portal Act, 29 U.S.C. §259.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs prove a violation of federal or state law, Defendant affirmatively pleads that such violation was not willful, and that neither liquidated damages nor punitive damages are appropriate.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads election of remedies.

## NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that it may be entitled to an offset against any amounts awarded to Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead Defendant Salla does not qualify as an "employer" under the FLSA and asserts he is not individually liable.

6

In addition to the foregoing affirmative defenses, Plaintiff's claims may be subject to one or more of the remaining affirmative defenses provided in the Federal Rules of Civil Procedure. Defendants hereby affirmatively reserve the right to add such defenses to Plaintiff's claims upon completion of discovery.

## IV.
## REQUEST FOR JURY TRIAL

Defendants hereby request a trial by jury.

## V.
## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial in this case, that they have judgment entered in their favor in accordance with the law and the facts, that they recover their attorneys' fees and costs of court, and receive such other and further relief, both general and special, legal and equitable, to which Defendants may show themselves to be justly entitled.

Respectfully Submitted,

*/s/ Aaron Holt*
Aaron Holt
Texas Bar No. 24058545
COZEN O'CONNOR, P.C.
811 Main, Suite 2000
Telephone:  (832) 214-3961
Fax:  (832) 214-3905
aholt@cozen.com

*ATTORNEY FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

On June 9, 2026, a true and correct copy of ***Defendants' Original Answer to Plaintiff's Original Complaint*** was duly served upon all parties entitled to notice via the Court's CM/ECF system:

Douglas B. Welmaker
Welmaker Law, PLLC
505 E. Magrill
Longview, TX 75601
doug@welmakerlaw.com

/s/ *Aaron Holt*
Aaron Holt

115292963\2

8